## John F. Betz et al., Trading as John F. Betz & Son, Plffs. in Err., *v.* Charles Shepperson.

To a copy of book entries, beginning with a "balance as per pass book," and continuing with weekly charges for "week's beer," and an allowance of credits, it is sufficient, *pro tanto*, to file an affidavit of defense alleging that although the defendant was charged at the rate of 31½ gallons to the barrel, there was a shortage, caused by lining the kegs with rosin and pitch, so that he did not receive legal measure, but was illegally charged with an amount nearly equal to the balance claimed by the plaintiff.

(Argued January 18, 1887. Decided February 7, 1887.)

July Term, 1886, No. 40, E. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 1 of Philadelphia County to review a judgment discharging a rule for judgment for want of a sufficient affidavit of defense in an action of assumpsit. Affirmed.

The copy filed was as follows:

```
1883.
May   31. To balance as per pass book..... $66 80
June   2. To week's beer ........4/2 2/4  20 00
        9. "      "        "   ........4/2 6/4  28 00
       16. "      "        "   ........4/2 3/4  22 00
       23. "      "        "   ........4/2 5/4  22 00
       30. "      "        "   ........4/2 4/4  24 00
July    7. "      "        "   ........3/2 5/2  22 00
```

And so on, with similar entries through 1883, 1884, and to

Cited in Haas's Estate, 3 Pa. Co. Ct. 345, 347, in which the sufficiency of the original entries in Betz v. Shepperson is examined.

NOTE.—See Jones v. Patterson, *ante,* 19.

May 23, 1885. The total amount of the charges was $1,911.48. Credits to the amount of $1,525.93 were admitted.

The affidavit of defense alleged in substance that the defendant frequently complained to the agent of plaintiffs, who delivered the beer, of shortness of measure; that he actually measured the capacity of different casks and found that four of said quarter barrels averaged a holding capacity of 27 gallons per barrel; that the quarter barrels are said to contain $\frac{1}{4}$ of a barrel of beer according to legal measure, which is $7\frac{7}{8}$ gallons; that upon examination, upon many occasions, of various empty kegs which had contained beer delivered by the plaintiffs to this deponent, he discovered the cause in many instances for the shortage or deficiency of measure to be this—in order to secure said casks or kegs from leakage, rosin or pitch is extensively used in and upon the interior of said casks, thereby diminishing their holding capacity to the extent hereinbefore mentioned; that he has measured the capacity of other kegs which were quite new, and found that even these did not contain beer at the rate of $31\frac{1}{2}$ gallons per barrel; that the price charged by plaintiffs per barrel was $8, which said barrels were to contain according to legal measure, $31\frac{1}{2}$ gallons; that the average shortage in beer was $4\frac{1}{2}$ gallons per barrel, making a total shortage of measure on all the beer for which this deponent is charged in this suit of 1,035 gallons valued at $263.82; this charge is made against this deponent for beer which he never received; that he is advised that he is entitled to $31\frac{1}{2}$ gallons per barrel for all beer so purchased by him from said plaintiffs; and that he expects to be able to prove at the trial of the cause, that he was charged for beer at the rate of $31\frac{1}{2}$ gallons per barrel, and did not receive more than 27 gallons per barrel.

The court below discharged, after argument, the rule taken by the plaintiffs, for judgment for want of a sufficient affidavit of defense; whereupon, the plaintiffs excepted to this action of the court, and assigned it as error.

*J. W. M. Cardeza,* for plaintiffs in error.—This affidavit is evasive because it does not state the time when defendant examined the casks in which plaintiffs delivered the beer; it avoids stating the period, in order to evade the estoppel of acquiescence, knowledge, and voluntary payments. Markley v. Stevens, 89 Pa. 279.

Voluntary payment, made with a full knowledge of the facts,

cannot be recovered back. Skyring v. Greenwood, 4 Barn. & C. 281; Markley v. Stevens, 89 Pa. 279.

A set-off is in substance a cross action. Jennings v. Hare, 104 Pa. 492; Gunnis v. Cluff, 111 Pa. 512, 4 Atl. 920.

The test of the validity of a set-off is: Could the defendant maintain a suit for it?

If a man, either by words or conduct, has intimated that he consents to an act which has been done, and that he will offer no opposition to it, and he thereby induces others to do that from which they might otherwise have abstained, he cannot question the legality of the act he had so sanctioned, to the prejudice of those who have so given faith to his words or the fair inference to be drawn from his conduct. Cairncross v. Lorimer, 3 Macq. H. L. Cas. 829; Herman, Estoppel, 954.

When the defense set up involves an issue of fact, the affidavit must state facts; all the facts necessary to constitute a substantial defense. So the mere averment of a warranty, without more, is bad. The affidavit should disclose whether it was express or implied, and state when, by whom, and by what authority it was made. Kaufman v. Cooper Iron Min. Co. 105 Pa. 541; Peck v. Jones, 70 Pa. 84.

*D. M. M. Collins* and *W. W. Wiltbank,* for defendant in error.—The instrument filed does not come within the statute as to affidavits of defense. One item is for "balance as per pass book, $66.80." None of the other items show entries made as part of the *res gestæ.* The charges were apparently made at the end of each week. If the affidavit is merely defective in precision, the judgment will not be reversed.

The account was a running one of debit and credit, and the defendant constantly gave notice that he complained of shortage. How was he then estopped by any payments made by himself? This is not the claim of a set-off in any sense. And his notices were frequently given to the agent who made deliveries. Such an agent was competent to receive notice in behalf of his principal. Nor is this a case involving the law of warranty. The gist of the defense is that legal measure was not furnished; and the defendant chooses to supplement this with a calculation, in order to show what he is willing to pay by way of avoidance of the litigation.

PER CURIAM:
Judgment affirmed.